UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDUARDO BATISTA TORRES,

        Petitioner,

v.                                    Case No.: 2:26-cv-00209-SPC-DNF

GARRETT RIPA *et al.*,

        Respondents,
_____/

## OPINION AND ORDER

Before the Court are Eduardo Batista Torres's Verified Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Batista Torres's reply (Doc. 6). For the below reasons, the Court grants the petition.

Batista Torres is a native and citizen of Cuba who entered the United States on February 28, 2022. Border Patrol apprehended him, issued a notice to appear, and released him on his own recognizance. The Executive Office for Immigration Review rejected the notice to appear, so removal proceedings were not initiated. Batista Torres applied for asylum, and the application remains pending. He has no criminal record and strong ties to the community—his wife and mother are lawful permanent residents, and he has multiple U.S. citizen extended family members.

Immigration and Customs Enforcement ("ICE") agents arrested Batista Torres on December 3, 2025, when he attended a scheduled interview at the

ICE office in Miramar, Florida. At a custody redetermination hearing, an immigration judge found he lacked jurisdiction to consider release on bond. Batista Torres is currently detained at Glades County Detention Center without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Batista Torres. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Batista Torres asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

The respondents also argue § 1225(b)(2) applies to Batista Torres's current detention because he was detained at the border upon his entry in 2022. But applying § 1225(b)(2) to noncitizens years after they were apprehended at the border and released into the country does not comport with the policy justification for treating noncitizens in the country differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Batista Torres's detention is governed by § 1226(a), not §

3

1225(b)(2). As a noncitizen detained under § 1226(a), Batista Torres has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Batista Torres before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Batista Torres to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Batista Torres receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Eduardo Batista Torres's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Batista Torres for an individualized bond hearing before an immigration judge or (2) release Batista Torres under reasonable conditions of supervision. If the respondents release Batista Torres, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

5